

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2006

# In Re: David Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2110

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: David Johnson " (2006). *2006 Decisions.* Paper 585.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/585

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-282                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-2110
_____

IN RE:

DAVID TIMOTHY JOHNSON,

Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-04020)
District Judge: Honorable Mary L. Cooper

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
July 20, 2006

Before: SLOVITER, McKEE AND FISHER, <u>CIRCUIT</u> <u>JUDGES</u>.

(Filed August 15, 2006)
_____

OPINION
_____

PER CURIAM

David T. Johnson appeals from the order of the United States District Court for the

District of New Jersey dismissing his appeal from the United States Bankruptcy Court for

lack of subject matter jurisdiction. As explained herein, we will dismiss this appeal as

meritless.

Johnson initiated a Chapter 13 Bankruptcy proceeding in the United States Bankruptcy Court for the District of New Jersey on March 1, 2002. On June 12, 2002, Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), which had previously filed a Proof of Claim against Johnson, filed a motion for relief from the automatic stay so that it could initiate foreclosure proceedings. In an order dated November 7, 2002, the Bankruptcy Court denied the motion, instead ordering Johnson to resume payments, and stating that upon Johnson's failure to make any future payments within thirty days of the due date, the Court would grant Wells Fargo relief from the automatic stay.

On May 6, 2005, Wells Fargo filed a renewed motion to have the stay lifted based on Johnson's failure to make scheduled mortgage payments from July 2004 through April 2005. On May 12, 2005, Johnson filed an objection, arguing that a variety of circumstances had prevented him from making his mortgage payments, and that the Court should therefore deny Wells Fargo's request. Among these circumstances were that he was involved in a contentious child custody battle in New Jersey state court, that his disability income was wrongfully being paid to the mother of his child, and that he was not being given credit for social security benefits being paid to one of his dependents. Johnson also made various arguments about the unfairness and unconstitutionality of the state court proceedings. On July 12, 2005, the Bankruptcy Court granted Wells Fargo's motion for relief from the automatic stay, and on July 20, 2005, denied Johnson's oral

request for a stay pending appeal of the Court's order vacating the automatic stay. It is from these orders that Johnson appealed to the District Court.

In response to a brief filed by Johnson in support of his appeal, the District Court issued an order to show cause why the appeal should not be dismissed for lack of subject matter jurisdiction. Despite Johnson's indication that he was appealing the Bankruptcy Court's orders vacating the automatic stay and denying his request for a stay pending appeal, the District Court concluded that the appeal should be dismissed based on Johnson's statements regarding state court child support and child custody proceedings and his attempt to reopen a federal civil rights action which had previously been dismissed by the District Court. Johnson now appeals the District Court's dismissal of his appeal for lack of subject matter jurisdiction.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Johnson has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915, we must first review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To the extent Johnson was seeking to invoke the District Court's appellate jurisdiction over the Bankruptcy Court proceeding to obtain relief in connection with his state court child custody and child support proceedings, the District Court correctly dismissed his appeal under both the Rooker-Feldman and the Younger abstention

3

doctrines.  See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 & n.16 (1983);

Rooker v. Fid. Trust Co., 263 U.S. 413, 414-16 (1923); Younger v. Harris, 401 U.S. 37,

43-54 (1971).

However, a plain reading of Johnson's notice of appeal reveals that he also sought

appellate review of the Bankruptcy Court's orders vacating the automatic stay and

denying his request for a stay pending appeal.  To the extent the District Court failed to

review these decisions, we conclude that it erred.  However, because we conclude that the

Bankruptcy Court correctly resolved these issues, we need not remand for further

proceedings.

The Bankruptcy Court is authorized to grant relief from the automatic stay upon

the request of an interested party under the following circumstances:

> (1)     for cause, including the lack of adequate protection of an
> interest in property of such party in interest;
> (2)     with respect to a stay of an act against property under
> subsection (a) of this section, if–
>> (A)     the debtor does not have an equity in such property;
> and
>> (B)     such property is not necessary to an effective
> reorganization . . . .

11 U.S.C.A. § 362(d).

The party opposing relief from the automatic stay has the burden of proof on all

issues except the debtor's equity in the property.  See 11 U.S.C.A. § 362(g).  In granting

Wells Fargo's request for relief from the stay, the Bankruptcy Court made the following

findings:

Finally, we get to the real nub of Mr. Johnson's request for relief, the ability to catch up on his mortgage payments. He does not make a proposal, a formal proposal as to how he intends to do that. Presumably, he wants to make regular payments until the litigation in the State Court can be resolved and he can be awarded what he believes he should have been awarded a long time ago.

As much as I may have sympathy for Mr. Johnson's predicament, the problem with that proposal is that it requires Wells Fargo to assume all of the risks associated with the outcome of the State Court litigation. *The proposal does not provide adequate protection of Wells Fargo's interest in the property*.

Even if Mr. Johnson proposes to add a cure payment to his regular payment, he has not shown that his circumstances have changed in a way that future default is rendered unlikely. That is, he previously agreed to cure an even smaller default but was unable to comply with the agreed-upon terms. While the record demonstrates that Mr. Johnson's inability to make those payments has to do with the way the State Court litigation is proceeding, there's nothing in the record that indicates that things are different now unless the Appellate Division of the New Jersey Supreme Court reverses the lower Court's decision.

While this Court has a great deal of sympathy for the ordeals that Mr. Johnson has suffered in the court systems, both state and federal, it has no choice but to grant the relief requested by Wells Fargo. The Motion will be granted.

Transcript, July 6, 2005, page 7, line 22-page 8, line 25 (emphasis added). Because this decision was not clearly erroneous, we conclude the Bankruptcy Court did not err in lifting the automatic stay, and therefore did not err in denying Johnson's request for a stay pending appeal. See In re Swedeland Dev. Group, 16 F.3d 552, 559 (3d Cir. 1994). We will therefore dismiss this appeal under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1]In doing so, we deny Johnson's motions to supplement the record with transcripts and appendices, for an emergency stay pending appeal, and to reopen his federal civil rights complaint.